UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY DAVIS, *et al.*,<br><br>                      Plaintiffs,<br><br>v.<br><br>CITY OF NATIONAL CITY, *et al.*,<br><br>                      Defendants. | Case No.: 3:19-cv-00534-AJB-AHG<br><br>**AMENDED SCHEDULING ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONTINUE PRETRIAL DATES**<br><br>**[ECF No. 35]** |

      This matter comes before the Court on the parties' Joint Motion to Continue Pretrial Dates (ECF No. 35), which seeks to amend the Scheduling Order in this case to extend all pretrial deadlines by approximately six months.

      To provide some background for the parties' motion, Plaintiffs filed this action on March 20, 2019. ECF No. 1. Plaintiffs bring claims against two sets of Defendants, the "City Defendants" and the "County Defendants."[1] All but two of the City Defendants filed

---

[1] The City Defendants include City of National City, Joseph B. Camacho, Giovanni Corado, Gabriel Gonzalez, Robert Rude, Chad Sakamoto, Mark Segal, Manuel Rodriguez, and Dennis Leach. The County Defendants include Deputy Davis Benner, Deputy Jose De La Torre, Deputy Shiloh Frantz, Deputy Stephen Krieg, Deputy Gregory Kurtz, Deputy Darius Palmer, Deputy Ryan Seabron, and Deputy Nicholas Sisto.

an Answer on June 10, 2019, and the remaining two City Defendants, Manuel Rodriguez and Dennis Leach, filed their Answer on August 16, 2019. ECF Nos. 7, 12. None of the County Defendants filed an answer; instead, they filed a Motion to Dismiss on November 5, 2019. ECF No. 16.

This case was transferred to the calendar of the undersigned on September 18, 2019. ECF No. 13. Prior to transfer, the previously assigned Magistrate Judge had already set an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") for October 18, 2019, which the undersigned reset for November 19, 2019 following the transfer. ECF Nos. 8, 15. After the County Defendants filed their Motion to Dismiss, they sought to continue the ENE and CMC date and the initial disclosure deadline until after the Court had ruled on the Motion to Dismiss, which had a hearing date of January 30, 2020. ECF No. 19. The request for a continuance was premised on the arguments that the County Defendants had not yet answered, their counsel had only recently been assigned to the case, and the factual allegations against them had not yet been established. That request was denied for several reasons, including that the ENE and CMC are intended by the Local Rules to take place "very early in a case, often prior to the exchange of discovery beyond initial disclosures, and they are typically scheduled as soon as even one defendant files an answer." ECF No. 20 at 3. Therefore, the purpose of the ENE to serve as an informal discussion of the lawsuit among the attorneys and the settlement judge within 45 days after the filing of an answer would be thwarted if it were continued until after dispositive rulings were made and substantial discovery conducted.

Nonetheless, the Court acknowledged that the County Defendants might require a non-standard discovery schedule in light of the pending Motion to Dismiss and thus stated that it would "consider any proposals by the parties to accommodate the different positions of the two sets of Defendants by, for example, setting the case on two separate discovery tracks. The parties should include any such proposals in their Joint Case Management Statement[.]" *Id.* at 3-4. The parties considered such a two-track process but determined "it would not be appropriate here because the County Defendants will need to participate in

discovery between the City Defendants and Plaintiffs." ECF No. 21 at 7. Therefore, the parties proposed a single discovery track, although it was significantly extended from a standard discovery track in light of the large number of depositions and amount of expert discovery needed in this case. *Id.* Specifically, the parties requested approximately nine months for fact discovery until August 2020, thirteen months for expert discovery until December 2020, a dispositive motions deadline in February 2021, and a pretrial conference date in June 2021. *Id.* While the Court did not adopt most of the proposed deadlines, the Court's Scheduling Order did incorporate the proposed fact discovery deadline of August 14, 2020 and set the expert discovery deadline on the same day, giving the parties approximately nine months for both.[2]

Now, the parties seek a continuance of the Scheduling Order as follows:

- Extension of fact discovery deadline from August 14, 2020 to September 25, 2020;
- Extension of expert disclosure deadline from April 10, 2020 to October 9, 2020;
- Extension of initial expert report deadline from April 24, 2020 to October 23, 2020;
- Extension of rebuttal expert disclosures from May 15, 2020 to November 13, 2020;
- Extension of rebuttal expert report deadline from May 29, 2020 to November 30, 2020;
- Extension of expert discovery deadline from August 14, 2020 to February 26, 2021;
- Extension of dispositive motions deadline from November 6, 2020 to

---

[2] A standard discovery schedule for complex cases in this Court allows approximately six months for fact discovery and nine months for expert discovery. Standard cases are typically set for a fourth-month fact discovery and seven-month expert discovery track.

April 26, 2021;

- Continuance of other hearings and related dates, such as the January 26, 2021 Mandatory Settlement Conference and March 11, 2021 Pretrial Conference, in accordance with the Court's calendar.

The Scheduling Order may be modified only for good cause and with the Court's consent. Fed. R. Civ. P 16(b)(4). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.") (internal citation omitted).

To show good cause, the parties once again rely in part on the argument that "the case is not at issue between Plaintiffs and the County Defendants," a reason that the Court previously rejected as a basis to delay the ENE and CMC by at least two months until the Motion to Dismiss was resolved. ECF No. 35 at 3. Additionally, the parties note that "several depositions and experts will be necessary in this case" and they "anticipate that it will take several months to complete discovery and the current dates in the scheduling order do not provide the parties sufficient time to complete the discovery needed in this case." *Id.* In particular, Plaintiffs anticipate taking approximately 32 depositions, while the County Defendants and City Defendants collectively anticipate taking approximately 25 depositions. *Id.* at 4. The parties also note that while some written discovery has been exchanged thus far, additional written discovery is needed. *Id.*

The Court finds that the parties have not shown good cause to grant an additional six months of discovery. While the parties have generally shown good cause why this case warrants a non-standard discovery track given the voluminous discovery needed, the existing Scheduling Order already instituted a non-standard discovery track, affording the

parties approximately three extra months for fact discovery. Moreover, the parties make no showing of their diligence to meet the existing deadlines. It appears from the motion that the parties have conducted almost no discovery in the 100 days between the CMC and the date they filed the motion seeking an extension. For example, the parties fail to describe what, if any, steps they have taken to schedule or to take any of the approximately 57 depositions they anticipate needing. Nor do they explain exactly what written discovery has been exchanged and what additional written discovery is needed. Yet whether Rule 16's "good cause" standard to modify a scheduling order is met depends on whether the schedule "cannot be reasonably met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment. While the parties have adequately shown that the schedule, as is, cannot be reasonably met, they have made no attempt to show that this is so *despite their diligence*. The parties imply that they do not believe discovery should be underway at all until the County Defendants' Motion to Dismiss is resolved, but they have never moved to stay the action pending its resolution.

Notwithstanding the foregoing, the Court finds it would benefit neither the Court nor the parties to force them to adhere to the existing Scheduling Order given how much discovery still needs to be conducted in this case. Therefore, the Court **GRANTS IN PART** and **DENIES IN PART** the Joint Motion to Continue Pretrial Dates by extending the deadlines as follows:

(1) The fact discovery deadline will not be extended and remains **August 14, 2020**;

(2) The expert disclosure deadline is extended from April 10, 2020 to **July 31, 2020**;

(3) The initial expert report deadline is extended from April 24, 2020 to **September 4, 2020**;

(4) The rebuttal expert disclosures deadline is extended from May 15, 2020 to **September 18, 2020**;

(5) The rebuttal expert report deadline is extended from May 29, 2020 to

|   |   |
|---|---|
| 1 | **October 16, 2020**; |
| 2 | (6) The expert discovery deadline is extended from August 14, 2020 to |
| 3 | **December 18, 2020**; |
| 4 | (7) The dispositive motions deadline is extended from November 6, 2020 to |
| 5 | **February 12, 2021**; |
| 6 | (8) The Mandatory Settlement Conference is rescheduled from January 26, 2021 to |
| 7 | **May 4, 2021** at **2:00 PM** in the chambers of Magistrate Judge Allison H. |
| 8 | Goddard. Plaintiffs must serve on each set of Defendants a **written** settlement |
| 9 | proposal, which must include a specific demand amount, no later than **April 13,** |
| 10 | **2021**. Each set of Defendants must respond to Plaintiffs **in writing** with a |
| 11 | specific offer amount prior to the Meet and Confer discussion. The parties |
| 12 | should not file or otherwise copy the Court on these exchanges. Counsel for the |
| 13 | parties must meet and confer in person or by phone no later than **April 20,** |
| 14 | **2021**. Each party must prepare a Settlement Conference Statement, which will |
| 15 | be served on opposing counsel and lodged with the Court no later than **April** |
| 16 | **23, 2021**. Each party may also prepare an **optional** Confidential Settlement |
| 17 | Letter for the Court's review only, to be lodged with the Court no later than |
| 18 | **April 23, 2021**. The parties should review and abide by the Court's prior |
| 19 | Scheduling Order regarding the contents of the Statement and Letter, as well as |
| 20 | instructions on lodging them with the Court. |
| 21 | (9) Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. |
| 22 | P. 26(a)(3) on or before **May 18, 2021**. |
| 23 | (10) This order replaces the requirements under Civ. L.R. 16.1.f.6.c. No |
| 24 | Memoranda of Law or Contentions of Fact are to be filed. |
| 25 | (11) The parties must meet and confer on or before **May 25, 2021** and prepare a |
| 26 | proposed pretrial order in the form as set forth in Civ. L.R. 16.1.f.6. |

The Court encourages the parties to consult with Judge Goddard to work out any problems in preparation of the proposed pretrial order. The Court will entertain any

questions concerning the conduct of the trial at the pretrial conference.

(12) Objections to Pre-trial disclosures must be filed no later than **June 1, 2021**.

(13) The Proposed Final Pretrial Conference Order as described above must be prepared, served and lodged with the assigned district judge on or before **June 8, 2021**.

(14) The final Pretrial Conference is extended from March 11, 2021 to **June 15, 2021** at **2:00 PM** before the **Honorable Anthony J. Battaglia**.

**IT IS SO ORDERED.**

Dated: March 3, 2020

Honorable Allison H. Goddard
United States Magistrate Judge

7
3:19-cv-00534-AJB-AHG