1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY DAVIS, *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF NATIONAL CITY, *et al.,* <br><br> Defendants. | Case No.:  3:19-cv-00534-AJB-AHG <br><br> **AMENDED SCHEDULING ORDER GRANTING JOINT MOTION TO CONTINUE PRETRIAL DATES** <br><br> **[ECF No. 42]** |

This matter comes before the Court on the parties' Third Joint Motion to Continue Pretrial Dates (ECF No. 42), which seeks to amend the Scheduling Order in this case to extend certain pretrial deadlines by approximately two months.

Plaintiffs filed this action on March 20, 2019. ECF No. 1. Plaintiffs bring claims against two sets of Defendants, the "City Defendants" and the "County Defendants."[1] All but two of the City Defendants filed an Answer on June 10, 2019, and the remaining two City Defendants, Manuel Rodriguez and Dennis Leach, filed their Answer on August 16,

---

[1] The City Defendants include City of National City, Joseph B. Camacho, Giovanni Corado, Gabriel Gonzalez, Robert Rude, Chad Sakamoto, Mark Segal, Manuel Rodriguez, and Dennis Leach. The County Defendants include Deputy Davis Benner, Deputy Jose De La Torre, Deputy Shiloh Frantz, Deputy Stephen Krieg, Deputy Gregory Kurtz, Deputy Darius Palmer, Deputy Ryan Seabron, and Deputy Nicholas Sisto.

2019. ECF Nos. 7, 12. The County Defendants filed a Motion to Dismiss in lieu of an answer on November 5, 2019, which remains pending. ECF No. 16. In the motion, the County Defendants raise the defense of qualified immunity. *Id.* at 17-18.

Following an Early Neutral Evaluation and Case Management Conference, this Court entered an initial Scheduling Order in this matter. ECF No. 26. The parties subsequently requested two extensions of the pretrial deadlines, which this Court granted. ECF Nos. 36, 41. Now, the parties seek a third continuance of the Scheduling Order as follows:

- Extension of fact discovery deadline from November 14, 2020 to January 14, 2021;

- Extension of expert disclosure deadline from October 30, 2020 to December 30, 2020;

- Extension of initial expert report deadline from November 13, 2020 to January 14, 2021;

- Extension of rebuttal expert disclosure deadline from November 30, 2020 to January 29, 2021;

- Extension of rebuttal expert report deadline from December 16, 2020 to February 16, 2021;

- Extension of expert discovery deadline from January 15, 2021 to March 16, 2021;

- Extension of deadline to file dispositive motions from February 12, 2021 to April 12, 2021.

The parties do not seek any extension of the remaining pretrial deadlines in the Amended Scheduling Order. ECF No. 42 at 6.

The Scheduling Order may be modified only for good cause and with the Court's consent. Fed. R. Civ. P 16(b)(4). "'Good cause'" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures,*

*Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.") (internal citation omitted).

Here, the parties explain that they have encountered delays in completing discovery due to the ongoing COVID-19 pandemic. ECF No. 42 at 4. Though their motion restates many of the same arguments made in their last motion for extension of time, the parties have conducted additional discovery since this Court's last scheduling order. Specifically, County Defendants served subsequent subpoenas in August based on materials received in response to their initial round of subpoenas and depositions.[2] *Id.* Likewise, the parties have completed six or seven depositions and are in the process of scheduling twelve more. *Id.* at 5. The parties state that they have been pursuing written discovery diligently since the Court's ruling on their last extension request, though it is unclear exactly what additional written discovery (aside from the subpoenas) has occurred. All of this has taken place while counsel continue to experience the challenges of working from home while caring for and educating small children. *Id.* at 4-5.

Upon due consideration, the Court finds the parties have shown good cause for the requested extensions and accordingly **GRANTS** the Joint Motion (ECF No. 42). The parties have acted diligently in completing additional written discovery, as well as depositions, despite the ongoing challenges presented by the COVID-19 pandemic. The Court also is cognizant of the fact that the parties face delays out of the ordinary course, such as in obtaining subpoenaed records, because the custodians also are experiencing pandemic-related challenges.

---

[2] County Defendants do note, however, that custodians of records have requested extensions to respond or additional authorizations for release. ECF No. 42 at 4.

Accordingly, **IT IS HEREBY ORDERED** that the Scheduling Order is amended as follows:

(1) The fact discovery deadline is extended to **January 14, 2021**;

(2) The expert disclosure deadline is extended to **December 30, 2020**;

(3) The initial expert report deadline is extended to **January 14, 2021**;

(4) The rebuttal expert disclosures deadline is extended to **January 29, 2021**;

(5) The rebuttal expert report deadline is extended to **February 16, 2021**;

(6) The expert discovery deadline is extended to **March 16, 2021**.

(7) The deadline to file dispositive motions is extended to **April 12, 2021**.

All other deadlines and requirements set forth in the Court's Amended Scheduling Order (ECF No. 36) remain in place.

**IT IS SO ORDERED.**

Dated:  October 7, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge