1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Daley & Heft, LLP
Attorneys at Law
Mitchell D. Dean, Esq. (SBN 128926)
Lee H. Roistacher, Esq. (SBN 179619
Heather E. Paradis, Esq. (SBN 276650)
462 Stevens Avenue, Suite 201
Solana Beach, CA_92075
Telephone:  (858) 755-5666
Facsimile:   (858) 755-7870
E-mail:      mdean@daleyheft.com
             lroistacher@daleyheft.com
             hparadis@daleyheft.com

Attorneys for Defendants
City of National City, Joseph B. Camacho,
Giovanni A. Corado, Gabriel Gonzales, Robert
A. Rude, Chad Ryuma Sakamoto, Mark D.
Segal, Manuel Rodriguez and Dennis Leach

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

TAMMY DAVIS, TANEKA McNEIL; MARQUIETA R. McNEIL,

          Plaintiffs,

      v.

CITY OF NATIONAL CITY, MANUEL RODRIGUEZ, JOSEPH B. CAMACHO, GIOVANNI A. CORADO, GONZALEZ, DENNIS J. LEACH, ROBERT A. RUDE, CHAD RYUMA SAKAMOTO, MARK D. SEGAL, SHERIFF DEPUTY BENNER, SHERIFF DEPUTY DE LA TORE, SHERIFF DEPUTY FRANTZ, SHERIFF DEPUTY KRIEG, SHERIFF DEPUTY KURTZ, SHERIFF DEPUTY PALMER, SHERIFF DEPUTY SEABRON, SHERIFF DEPUTY SISTO, and DOES 1-30, inclusive,

          Defendants.

Case No.  3:19-cv-00534-AJB-AHG

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Date:         March 4, 2021
Time:         2:00 p.m.
Courtroom:  5A
Judge:        Anthony J. Battaglia
Magistrate:  Allison H. Goddard

Complaint Filed:   March 20, 2019
Trial Date:          None set

///

///

///

i

# TABLE OF CONTENTS

I.      INTRODUCTION…………………………………………………………1

II.     AUTHORITY…………………………………………………………..2

III.    ARGUMENT………………………………………………………...2

A.      This Court Should Dismiss Plaintiffs' Third Claim For Relief Against The Officer Defendants And Chief Rodriguez For Loss Of Familial Association Under The Fourteenth Amendment Because Qualified Immunity Protects Them From Liability………………….…..2

1.      Principals Of Qualified Immunity………………………………………2

2.      Absence Of A Constitutional Violation:  Neither Plaintiff Has A Fourteenth Amendment Right To Any Loss Of Familial Association With Earl…………………………………………………………..……3

3.      Absence Of A Clearly Established Fourteenth Amendment Right Of Spouses To Familial Relations…………………………12

B.      This Court Should Dismiss Plaintiffs' Third Claim For Relief Against The City Because It Is Not A Proper Section 1983 Claim Against The City……………………………………………………14

IV.     CONCLUSION………………………………………………………...15

1

**TABLE OF AUTHORITIES**

2    **Cases**

3    *A.B. v. County of San Diego*
       2020 WL 5847551 (S.D. Cal. Oct. 1, 2020)………………………………..12

4
     *Bach v. Idaho St. Bd. of Med.*
5      2012 WL 175417 (D. Idaho Jan. 20, 2012)……………………………….13

6    *Balistreri v. Pacifica Police Dep't*
       901 F.2d 696 (9th Cir. 1988)……………………………………………….2
7
     *Bell v. City of Milwaukee*
8      746 F.2d 1205 (7th Cir. 1984),……………………………………………..5

9    *Byrd v. Guess*
       137 F.3d 1126 (9th Cir. 1998)…………………………………………*Passim*
10
     *Camreta v. Greene*
11     563 U.S. 692 (2011)……………….…………………………………..12

12   *Collins v. City of Harker Heights*
       503 U.S. 115 (1992)…………………………………………….……5, 7
13
     *Cosby v. City of Oakland*
14     1997 WL 703776 (N.D. Cal. Oct. 28, 1997)………………………....9, 11

15   *Davila v. County of San Joaquin*
       2008 WL 3876220 (E.D. Cal. Aug. 20, 2008)………………………...8, 11
16
     *Davis v. City of National City*
17     2020 WL 6799380 (S.D. Cal. Nov. 19, 2020)……………………………2

18   *Dean v. Sacramento County*
       2014 WL 4377956 (E.D. Cal. Sept. 4, 2014)…………………………8, 11
19
     *District of Columbia v. Wesby*
20     138 S. Ct. 577 (2018).……………………………..……………….2, 3

21   *Engebretson v. Mahoney*
       2010 WL 1490362 (D. Mont. Mar. 3, 2010)……………………………7
22
     *Estate of Brown v. Lambert*
23     2020 WL 4673103 (S.D. Cal. Aug. 12, 2020)………………....…8, 9, 10

24   *Estate of Lopez ex rel. Lopez v. Torres*
       105 F. Supp. 3d 1148 (S.D. Cal. 2015)…………………………………...9
25
     *Felarca v. Birgeneau*
26     891 F.3d. 809 (9th Cir. 2018)……………………………………...3

27   *Gresham v. Dell*
       630 F.Supp. 1135 (N.D. Ga. 1986)………………………………………..6
28

iii

*Hamby v. Hammond*
   821 F.3d 1085 (9th Cir. 2016)……………………………………………3, 12

*Hansen v. Black*
   885 F.2d 642 (9th Cir.1989)……………………………………………13, 14

*Harbury v. Deutch*
   233 F.3d 596 (D.C. Cir. 2002)………………………...……………6, 8, 13

*Harpole v. Arkansas Dep't of Human Servs.*
   820 F.2d 923 (8th Cir. 1987)……………………………………………6

*Kerry v. Din*
   135 S. Ct. 2128 (2015)………………………………………………......8

*Khrapunov v. Prosyankin*
   931 F.3d 922 (9th Cir. 2019)……………………………………...……10

*Kirkpatrick v. County of Washoe*
   843 F.3d 784 (9th Cir. 2016)……………………………………………3

*Kisela v. Hughes*
   138 S. Ct. 1148 (2018)…………………………………….…………3, 12

*K.J.P. v. County of San Diego*
   2019 WL 1586739 (S.D. Cal. Apr. 12, 2019)…………………………12

*Lee v. County of Los Angeles*
   2018 WL 6016992 (C.D. Cal. Mar. 6, 2018)………………….…*Passim*

*Legal Servs. Corp. v. Velazquez*
   531 U.S. 533 (2001)……………………………………………….....10

*Lemire v. Cal. Dep't of Corr. & Rehab.*
   726 F.3d 1062 (9th Cir.2013)………………………………....…9

*L.V.B. v. City of Chino*
   2010 WL 11596566 (C.D. Cal. Feb. 18, 2010)………………………..9, 11

*Monell v. New York City Dept. of Social Servs.*
   436 U.S. 658 (1978)…………………………………………………...14

*Morales v. City of Delano*
   852 F.Supp.2d 1253 (E.D. Cal. 2012)…………………………………9, 11

*Moralez v. City of Fresno*
   2006 WL 8458532 (E.D. Cal. May 13, 2006)……………………………8

*Navarro v. Block*
   250 F.3d 729 (9th Cir. 2001)……………………………………………2

*Niehus v. Liberio*
   973 F.2d 526 (7th Cir.1992)……………………………………….....6

iv

*Norcross v. Town of Hammonton*
    2006 WL 1995021
    (D.N.J. July 13, 2006)…………………………………………………..6

*Ortiz v. Burgos*
    807 F.2d 6 (1st Cir.1986)……………………………………………6

*Ostling v. City of Bainbridge Island*
    872 F. Supp. 2d 1117 (W.D. Wash. 2012)………………………………12

*Pagan v. Township of Raritan*
    2006 WL 2466862 (D.N.J. 2006)…………………………………………7

*Pahle v. Colebrookdale Township*
    227 F.Supp.2d 361 (E.D. Pa. 2002)…………………………………………6

*Piper v. Cabillo*
    670 F. App'x 507 (9th Cir. 2016)…………………………...…………6, 12

*Provencio v. Vazquez*
    258 F.R.D. 626 (E.D. Cal.2009)………………………………….……11

*Provencio v. Vazquez,*
    2007 WL 1614827 (E.D. Cal. June 4, 2007)………………..…………11

*Reese v. County of Sacramento*
    888 F.3d 1030 (9th Cir. 2018)…………………………….……2

*Reyes v. County of San Joaquin*
    2005 WL 2105030 (E.D. Cal. Aug. 31, 2005)…………………………8, 9

*Russ v. Watts*
    414 F.3d 783 (7th Cir. 2005)………………………………………5

*Rzayeva v. United States*
    492 F.Supp.2d 60 (D. Conn. 2007)………………………………..…7

*Sakamoto v. Duty Free Shoppers, Ltd.*
    764 F.2d 1285 (9th Cir. 1985)………………………………...…10

*S. B. v. County of San Diego*
    864 F.3d 1010 (9th Cir. 2017)………………………………………..3

*Sharp v. County of Orange*
    871 F.3d 901 (9th Cir. 2017)……………………………………12, 13

*Smith v. City of Fontana*
    818 F.2d 1411 (9th Cir. 1987)…………………………………………11

*Smoot v. City of Placentia*
    950 F.Supp. 282 (C.D. Cal.1997)………………………………...11

*Tate v. Waller*
    2007 WL 2688532 (S.D. Miss.2007)…………………………...…7

*Taylor v. County of Los Angeles*
  2020 WL 6136867 (C.D. Cal. Aug. 13, 2020)……………………………9

*Villa v. County of San Diego*
  2020 WL 3100045 (S.D. Cal. June 11, 2020)……………………………14

*Ward v. City of San Jose*
  967 F.2d 280 (9th Cir. 1991)……………………………………4, 5, 6

*Washington v. Glucksberg*
  521 U.S. 702 (1997)……………………………………………..4, 5

*West v. City of Caldwell*
  931 F.3d 978 (9th Cir. 2019)……………………………………2, 12

*Wheeler v. City of Santa Clara*
  894 F.3d 1046 (9th Cir. 2018)…………………………………………..4

*White v. Pauly*
  137 S. Ct. 548 (2017)……………………………………………..3, 12

*Zundel v. Holder*
  687 F.3d 271 (6th Cir. 2012)…………………………………………...7

*Zundel v. Mukasey*
  2009 WL 3785093 (E.D. Tenn. Nov. 10, 2009)…………………..……7

**Statutes**

42 U.S.C. §1983…………………………..……………….……………1, 13, 14

Fed. R. Civ. Proc., 12(b)(6)……………………………………….…..2

vi

# I.

# INTRODUCTION

Earl McNeil died after an encounter with City of National City police officers and San Diego County Sheriff's deputies. *See* ECF Doc. No. 45, pp. 3-10 ¶¶2-17. Plaintiffs are Marquieta McNeil and Tameka McNeil.[1] *Id.* at p. 2:2-5. Marquieta alleges she was Earl's spouse when he died. *See* ECF Doc. No. 28-2. Taneka alleges she was Earl's "putative spouse" under California law when he died. ECF Doc. No. 45, pp. 25-28.

Defendants are City police officers Joseph Camacho, Giovanni Corado, Gabriel Gonzales, Dennis Leach, Robert Rude, Chad Sakamoto, and Mark Segal (collectively, "Officer Defendants"), as well as the City of National City and its police chief Manuel Rodriguez. *See* ECF Doc. No. 45.

Plaintiffs' third claim for relief is asserted against all defendants and is brought under 42 U.S.C. section 1983 for violations of each plaintiffs' own Fourteenth Amendment right to familial association with Earl. ECF Doc. No. 45, pp. 17-19.

The Officer Defendants and Chief Rodriguez move to dismiss plaintiffs' Fourteenth Amendment claims under the doctrine of qualified immunity because: (1) plaintiffs have no Fourteenth Amendment right to familial association with Earl; and (2) even if they did, that right is not clearly established.

The City moves to dismiss plaintiffs' Fourteenth Amendment claims because they are not proper section 1983 claims against the City.

///

///

---

[1] Although listed in the caption as a plaintiff, Tammy Davis is no longer a plaintiff because this Court dismissed her claims with prejudice. ECF Doc. No. 44; ECF Doc. No. 45, p. 2 fn. 2. But, as Earl's aunt, the arguments in this motion would apply to her if she was a plaintiff.

1

## II.

## AUTHORITY

Defendants may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when there is a "failure to state a claim upon which relief can be granted." Thus, "[a] Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal of a claim under Rule 12(b)(6) is appropriate where there is a "lack of a cognizable legal theory" or where there is an "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see Davis v. City of National City*, 2020 WL 6799380, at *2 (S.D. Cal. Nov. 19, 2020).

## III.

## ARGUMENT

**A.    This Court Should Dismiss Plaintiffs' Third Claim For Relief Against The Officer Defendants And Chief Rodriguez For Loss Of Familial Association Under The Fourteenth Amendment Because Qualified Immunity Protects Them From Liability**

**1.    Principals Of Qualified Immunity**

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Reese v. County of Sacramento*, 888 F.3d 1030, 1037 (9th Cir. 2018) (citation omitted).

Courts engage in a two-pronged analysis to determine whether qualified immunity applies. "Police officers *have* qualified immunity for their official conduct *unless* (1) they violate a federal statutory or constitutional right and (2) that right was clearly established at the time of the challenged conduct." *West v. City of Caldwell*, 931 F.3d 978, 982-983 (9th Cir. 2019) (emphasis added) (citing *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)). As to the latter,

2

precedent existing at the time must "squarely govern[] the specific facts" of the present case, *Kisela v. Hughes*, 138 S.Ct. 1148, 1153 (2018), such that it "placed the constitutionality of the officer's conduct 'beyond debate.'" *Wesby*, 138 S.Ct. at 589; *West*, 931 F.3d at 983; *see White v. Pauly*, 137 S. Ct. 548, 552 (2017) ("As this Court explained decades ago, the clearly established law must be 'particularized' to the facts of the case.").

Qualified immunity is a "demanding" and "exacting" standard. *Wesby*, 138 S. Ct. at 589; *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 792 (9th Cir. 2016) (en banc); *see S. B. v. County of San Diego*, 864 F.3d 1010, 1015, 1017 (9th Cir. 2017) (hearing the Supreme Court "loud and clear" and recognizing qualified immunity's "exacting standards").  As explained by the Supreme Court in *Wesby*:

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent.  The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority.  It is not enough that the rule is suggested by then-existing precedent.  The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply.  Otherwise, the rule is not one that every reasonable official would know.

138 S. Ct. 577, 589-90 (2018) (internal quotation marks and citations omitted). These demanding and exacting standards apply regardless of constitutional right at issue. *Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016).

"A plaintiff must prove both steps of the [qualified immunity] inquiry to establish the officials are not entitled to immunity from the action." *Felarca v. Birgeneau*, 891 F.3d. 809, 815 (9th Cir. 2018).

**2.    Absence Of A Constitutional Violation:  Neither Plaintiff Has A Fourteenth Amendment Right To Any Loss Of Familial Association With Earl**

Spouses have no Fourteenth Amendment right to continued association or companionship with each other.  Thus, both plaintiffs' claims fail.

///

"Few close relationships—even between blood relatives—can serve as a basis for asserting Fourteenth Amendment loss of [familial association] claims." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018) (citing *Ward v. City of San Jose*, 967 F.2d 280 (9th Cir. 1991)).  However, in the Ninth Circuit, "[a] decedent's parents and children generally have the right to assert substantive due process claims [for loss of familial association] under the Fourteenth Amendment." *Id.* at 1057.  But the Ninth Circuit has never held a Fourteenth Amendment right to familial association extends to any relationships other than parent-child. And for good reason.  The Supreme Court has not recognized such a right, and its precedent counsels against extending such a right to spouses.

"[The Supreme Court's] established method of substantive-due-process analysis has two primary features: First, [it has] regularly observed that the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty such that neither liberty nor justice would exist if they were sacrificed.  Second, [it has] required in substantive–due–process cases a careful description of the asserted fundamental liberty interest." *Washington v. Glucksberg*, 521 U.S. 702, 720-721 (1997) (quotation marks and citations omitted).

The Supreme Court has warned against expanding the class of plaintiffs who may bring substantive due process claims.  The Supreme Court has "always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended" and cautioned that courts must "exercise the utmost care" in extending constitutional protection to an asserted right or liberty interest because, in doing so, a court "place[s] the matter outside the arena of public debate and

///

1    legislative action." *Washington*, 521 U.S. at 720 (citations omitted); *see Collins*

2    *v. City of Harker Heights*, 503 U.S. 115, 125 (1992).

3         *Ward,* 967 F.2d 280, is a good example of the cautious approach the Ninth

4    Circuit has taken in declining to expand Fourteenth Amendment substantive due

5    process rights in association or companionship beyond parents and children.  In

6    *Ward*, the court held siblings have no Fourteenth Amendment substantive due

7    process right in the companionship with other siblings and, thus, siblings cannot

8    maintain Fourteenth Amendment loss of familial association claims.  *Id.* at 238-

9    284; *id.* at 284 ("Neither the legislative history nor Supreme Court precedent

10   supports an interest for siblings consonant with that recognized for parents and

11   children."); see also *Wheeler*, 894 F.3d at 1058-59 (biological parent of adopted

12   child had no Fourteenth Amendment familial association rights).

13        In reaching its conclusion, *Ward* adopted the rule from *Bell v. City of*

14   *Milwaukee*, 746 F.2d 1205 (7th Cir.1984), a case finding siblings lack a

15   Fourteenth Amendment right in companionship with each other.[2]  *Ward*, 967

16   F.2d at 284 ("We adopt the earlier and better rule of *Bell*.").  Explaining the

17   reason for denying siblings Fourteenth Amendment familial association rights,

18   *Bell* observed:

19             [I]f we were to hold that the federal Constitution entitles the siblings
20             to recover for loss of society and companion-ship, there could be no
             principled way of limiting such a holding to the immediate family or
21             perhaps even to blood relationships. Obviously many human
             relationships stem from the 'emotional attachments that derive from
22             the intimacy of daily association,' but we are unwilling to attach
             constitutional significance to such attachments outside the closely
23             guarded parent-child relationship.

24   746 F.2d at 1247.

25   [2] *Bell* was overruled *Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005), on a different
     issue concerning the right of a parent to maintain Fourteenth Amendment loss of
26   familial association claims.  *Id.* at 791 ("We therefore overrule our decision in
     *Bell* insofar as it recognized a constitutional right to recover for the loss of
27   companionship of an adult child when that relationship is terminated as an
     incidental result of state action.").

28

1       Relying on *Ward*, the Ninth Circuit more recently found that "[a]lthough §

2 1983 allows a parent to recover damages for the state's interference with the

3 constitutionally protected liberty interest in the companionship and society of his

4 or her child,' *this right does not extend to other family members, such as great*

5 *aunts, or 'creature[s] of state law,' such as legal guardians*." *Piper v. Cabillo*,

6 670 F. App'x 507 (9th Cir. 2016) (emphasis added, citations omitted); *see Ortiz*

7 *v. Burgos*, 807 F.2d 6, 8-9 (1st Cir. 1986) (stepfather, three brothers, and one

8 sister did not have a protected liberty interest in the companionship of their adult

9 son and brother who was allegedly beaten to death by prison guards); *Harpole v.*

10 *Arkansas Dep't of Human Servs.*, 820 F.2d 923, 927-928 (8th Cir. 1987)

11 (grandmother lacked Fourteenth Amendment liberty interest in relationship with

12 grandkids).

13       The "[Ninth] Circuit has not directly addressed whether there is a

14 substantive due process right to the familial association with one's spouse." *Lee*

15 *v. County of Los Angeles*, 2018 WL 6016992, at *3 (C.D. Cal. Mar. 6, 2018).

16 And "[c]ourts considering the issue have disagreed over whether such a right

17 exists." *Id.* (citations omitted).  But most have found the absence of such a right.

18       As one district court explained:

19     In reviewing the decisions of the courts that have addressed this
issue, a majority of the cases reviewed indicate that most courts
20     have found that the Constitution does not include a right to
spousal consortium.  *See Niehus v. Liberio*, 973 F.2d 526, 534
21     (7th Cir.1992) (concluding that '[d]eprivations of the lesser
services comprehended in the portmanteau term "consortium"
22     are not deprivations of liberty within the restricted meaning that
the term bears in the Constitution.'); *Gresham v. Dell*, 630
23     F.Supp. 1135, 1138 (N.D. Ga. 1986); *Harbury v. Deutch*, 233
F.3d 596, 606 (D.C. Cir. 2002*), rev'd in part on other grounds*,
24     536 U.S. 403, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002)
(refusing to hold that the plaintiff had alleged a constitutional
25     violation based on interference with familial association
because she had alleged a claim that involved neither 'a parent-
26     child relationship nor purposeful[ ] interference with a familial
relationship'); *Norcross v. Town of Hammonton*, No. 04–2536,
27     2006 WL 1995021, at *3 (D.N.J. July 13, 2006).  *But see Pahle
v. Colebrookdale Township*, 227 F.Supp.2d 361, 383 (E.D. Pa.
28     2002). [fn] Accordingly, this Court finds that the loss of spousal

consortium is not a constitutional right that may be asserted by a spouse ….

*Zundel v. Mukasey*, 2009 WL 3785093, at *9 (E.D. Tenn. Nov. 10, 2009), *aff'd sub nom. Zundel v. Holder*, 687 F.3d 271 (6th Cir. 2012).

As similarly explained by a district court within the Ninth Circuit:

> Despite the Supreme Court's long history of recognizing aspects of the marital relationship as fundamental liberty interests, 'the Court has never sanctioned constitutional protection of consortium ' in the marital relationship. *Pagan v. Township of Raritan*, 2006 WL 2466862, *10 (D.N.J. 2006). Instead, 'federal courts have generally held that plaintiffs alleging federal civil rights violations may not sue for the loss of companionship of a family member,' because the claim is not legally cognizable under federal law and § 1983. *Rzayeva v. United States*, 492 F.Supp.2d 60, 83 (D. Conn. 2007) (citing cases). Generally, a plaintiff's claim seeking compensation for the loss of support, consortium, or companionship with his or her spouse does not rise to the level of 'a constitutionally protected substantive liberty interest, the deprivation of which may be redressed under § 1983.' *Tate v. Waller*, 2007 WL 2688532, *6 (S.D. Miss.2007) (citing cases).

*Engebretson v. Mahoney*, 2010 WL 1490362, at *16-17 (D. Mont. Mar. 3, 2010) *report and recommendation adopted*, 2010 WL 1487993 (D. Mont. Apr. 13, 2010) (dismissing a wife's section 1983 claim against state actors for imposing unlawful probation terms on her husband because the court does not recognize consortium or companionship as a constitutionally protected liberty interest).)

Following the majority of other courts, the district court in *Lee* "decline[d] to create … a [Fourteenth Amendment] right" to familial association between spouses. *Id.* The district court's reasoning in *Lee* was two-fold, and was entirely faithful to Supreme Court precedents.

First, the district court recognized "[t]he Supreme Court itself 'has always been reluctant to expand the concept of substantive due process' and has made clear that the 'doctrine of self-restraint requires [that Court] to exercise the utmost care whenever [it is] asked to break new ground in this field.'" *Id.* (quoting *Collins*, 503 U.S. at 125).

7

Second, the district court relied on decisions from the D.C. Circuit and the Supreme Court: *Harbury v. Deutch*, 233 F.3d 596 (D.C. Cir. 2000); and *Kerry v. Din*, 135 S. Ct. 2128 (2015) (Scalia, J., judgment of the Court). The district court observed the court in *Harbury* declined to find a Fourteenth Amendment right to continued association with a spouse because the Supreme Court had not expanded familial association rights to spouses. *Lee*, 2018 WL 6016992, at 4 (citing *Harbury*, 233 F.3d at 604-07). The district court further observed the Supreme Court in *Din* declined to find a Fourteenth Amendment right to continued association with a spouse because as "Justice Scalia explained[,] [ ] none of the Court's cases – including those that recognized the right to marriage – created a liberty interest to be with one's spouse. *Id.* (citing *Din*, 135 S.Ct. at 2134-35).

A recent decision from a judge in this district disagreed with *Lee,* concluding a spouse had a Fourteenth Amendment loss of familial association right. *Estate of Brown v. Lambert*, 2020 WL 4673103, at *8 (S.D. Cal. Aug. 12, 2020). Respectfully, as will be explained, *Lee* is better reasoned and faithful to Supreme Court precedent.

While acknowledging the Ninth Circuit has not directly extended Fourteenth Amendment loss of familial association rights to spouses, the district court in *Estate of Brown* observed that "in *Byrd v. Guess*, 137 F.3d 1126 (9th Cir. 1998) ..., the Ninth Circuit assumed without deciding that there is such a right." 2020 WL 4673103, at *8. The district court further noted that "[n]umerous district courts have also concluded that there is a substantive due process right to familial association with one's spouse." *Id.* (citing *Morales v. City of Delano*, 852 F.Supp.2d 1253, 1274 (E.D. Cal. 2012); *Dean v. Sacramento County*, 2014 WL 4377956, at *2 (E.D. Cal. Sept. 4, 2014); *Davila v. County of San Joaquin*, 2008 WL 3876220, at *6-7 (E.D. Cal. Aug. 20, 2008); *Moralez v. City of Fresno*, 2006 WL 8458532, at *4 (E.D. Cal. May 13, 2006); *Reyes v. County of San*

8

1  *Joaquin*, 2005 WL 2105030, at *2 (E.D. Cal. Aug. 31, 2005); *Cosby v. City of*
2  *Oakland*, 1997 WL703776, at *5 n.6 (N.D. Cal. Oct. 28, 1997); *L.V.B. v. City of*
3  *Chino*, 2010 WL 11596566, at *1, 6-7 (C.D. Cal. Feb. 18, 2010)).

4        Without any separate analysis like that undertaken in *Lee*, the district court
5  in *Estate of Brown* found the spouse could maintain a Fourteenth Amendment
6  loss of familial association claim because "*Byrd* proceeds under the assumption
7  that there is such a right, and the majority of district courts in the Ninth Circuit
8  have followed suit." *Id.* at *9.[3]

9        This Court is bound only by opinions from the Ninth Circuit and Supreme
10 Court.  The Supreme Court has never held spouses have substantive due process
11 rights under the Fourteenth Amendment to continued association or
12 companionship with each other.  In fact, as noted in *Lee*, Supreme Court
13 precedent indicates no such right exists.  *Lee*, 2018 WL 6016992, at *3.  And, as
14 stated in *Lee* and recognized in *Estate of Brown*, the Ninth Circuit has not
15 expressly decided the issue.  *Id.; Estate of Brown,* 2020 WL 4673103, at *8.  The
16 absolute most that can be said is "the Ninth Circuit [in *Byrd*] assumed without
17 deciding that there is such a right." *Estate of Brown*, 2020 WL 4673103, at *8.

18 ────────────
19 [3] Another court in this district stated, without any analysis, that "[s]pouses and children may assert Fourteenth Amendment substantive due process claims if official conduct deprives them of their liberty interest in the companionship and
20 society of their spouse or parent." *Estate of Lopez ex rel. Lopez v. Torres*, 105 F. Supp. 3d 1148, 1160 (S.D. Cal. 2015) (citing *Lemire v. Cal. Dep't of Corr. &
21 Rehab.*, 726 F.3d 1062, 1075 (9th Cir.2013); *Morales*, 852 F.Supp.2d at, 1273– 74).  Again without analysis, a central district court said the same thing, citing to
22 *Lemire* and *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010).  *Taylor v. County of Los Angeles*, 2020 WL 6136867, at *10 (C.D. Cal. Aug. 13, 2020).
23 Reliance on *Lemire* and *Wilkinson* for the proposition that spouses have Fourteenth Amendment association rights with each other is problematic because
24 neither case involved a spouse; *Lemire* involved parents and children and *Wilkinson* involved a parent. *Lemire*, 726 F.3d at 1075 ("Parents and children
25 may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their child
26 or parent through official conduct."); *Wilkinson*, 610 F.3d at 554 ("This circuit has recognized that parents have a Fourteenth Amendment liberty interest in the
27 companionship and society of their children.").  And as discussed *post*, reliance on *Morales* is likewise problematic because *Morales* relied on unsupportive
28 decisions.

Whatever assumption *Byrd* made is categorically insufficient to control the issue of whether spouses enjoy Fourteenth Amendment rights to familial association with each other because "[i]t is axiomatic that cases are not authority for issues not considered." *Khrapunov v. Prosyankin*, 931 F.3d 922, 933 (9th Cir. 2019).  Moreover "unstated assumptions on non-litigated issues are not precedential holdings binding future decisions." *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir. 1985).

*Byrd* is accordingly of no precedential value on the issue of whether spouses have familial association rights under the Fourteenth Amendment because *Byrd* never actually considered or analyzed the issue.  Indeed, based on pleading issues and a rather tortured procedural route, the question *Byrd* addressed was whether different culpability standards existed for Fourth and Fourteenth Amendment claims.  *Byrd*, 137 F.3d at 1133-34.  Even if *Byrd* "assumed without deciding" that spouses have Fourteenth Amendment familial association rights with each other, that assumption is not in any way controlling precedent.  *See Legal Servs. Corp. v. Velazquez,* 531 U.S. 533, 557 (2001)("Judicial decisions do not stand as binding 'precedent' for points that were not raised, not argued, and hence not analyzed."); *Sakamoto*, 764 F.2d at 1288 ("We do not view these cases as controlling precedent on the applicability of the commerce clause to Guam.  In those cases, this court simply assumed that the commerce clause applied, but the issue was never raised or discussed.").

Although district court opinions are not binding on this Court, it is worth briefly looking at the cases cited in *Estate of Brown* to demonstrate their lack of persuasive value.  Ignoring whether the issue was even contested and the absence of analysis, the decisions relied on in each case to support concluding spouses enjoy Fourteenth Amendment familial association rights with each other does not actually provide any support for the conclusion.

///

10

The district courts in *Reyes*, 2005 WL 2105030, at *2, *Moralez*, 2006 WL 8458532, at *4, and *L.V.B.,* 2010 WL 11596566, at *6, all relied on *Byrd*.  As just explained, *Byrd* is not controlling or even persuasive authority for the proposition that spouses enjoy Fourteenth Amendment familial association rights with each other.  The district court in *Dean*, 2014 WL 4377956, at *2, relied on *Byrd* and *Provencio v. Vazquez*, 258 F.R.D. 626, 640 (E.D. Cal. 2009).  *Provencio* involved parents and not spouses.  *Provencio v. Vazquez*, 2007 WL 1614827, at *1 (E.D. Cal. June 4, 2007) ("On January 12, 2007, Plaintiffs Daniel Provencio, Jr. ("Daniel"), Nancy Mendoza ("Mendoza"), and Johnny G. Provencio ("Johnny"), (collectively, the "Plaintiffs"), filed this counseled civil rights complaint, pursuant to 42 U.S.C. § 1983, against approximately 38 named Defendants, all of whom are or were employed by, or affiliated with, Wasco State Prison ("Wasco") in the capacities of warden, guards, correctional officers, or medical staff. (Doc. 1). Danny is the minor son of Daniel Provencio, deceased ("decedent"). Nancy and Johnny are decedent's biological parents. (*Id.*).").

The district court in *Morales*, 852 F. Supp. 2d at 1274, relied on *Cosby*, 1997 WL 703776 at *5 fn. 6, which in turn relied on *Smith v. City of Fontana*, 818 F.2d 1411, 1417–20 (9th Cir. 1987), and *Smoot v. City of Placentia*, 950 F.Supp. 282 (C.D. Cal.1997).  Neither *Smith* nor *Smoot* involved spouses. *Smith* involved children and *Smoot* involved a daughter and mother.  *Smith*, 818 F.3d at 1417-18; *Smoot*, 950 F.Supp. at 282-83. *Davila*, 2008 WL 3876220, at *6, also relied on *Smith*.

The district court in *Lee* was the only court that actually analyzed the issue of whether spouses have Fourteenth Amendment association rights under Supreme Court precedents, and declined to find they did in the absence of recognition of the right by the Supreme Court or Ninth Circuit.  *Lee*, 2018 WL 6016992, at *3-4.

///

11

1   This Court should follow *Lee* and conclude both Marquieta and Taneka

2   lack a Fourteenth Amendment right to familial association with Earl.  That

3   conclusion is consistent with both Supreme Court and Ninth Circuit precedent.

4   There is an additional reason why Taneka has no Fourteenth Amendment

5   right to familial association with Earl.  Taneka is a "spouse" only because she is

6   a "putative spouse" under California law.  Being a creature of state law, that

7   relationship provides no basis for a Fourteenth Amendment familial association

8   right.  *Piper*, 670 F. App'x 507.

9   **3.    Absence Of A Clearly Established Fourteenth Amendment Right Of
        Spouses To Familial Relations**

10

11   Even if this Court concludes that plaintiffs have familial association rights

12   with Earl under the Fourteenth Amendment, that right was not clearly established

13   at the time of Earl's death (May 26, 2018) because "existing precedent [had not]

14   placed the ... constitutional question beyond debate."  *White*, 137 S. Ct. at 551.

15   "[P]rior precedent must be controlling-from the Ninth Circuit or Supreme Court-

16   or otherwise be embraced by a consensus of courts outside the relevant

17   jurisdiction."[4]  *Sharp*, 871 F.3d at 911; *see West v. City of Caldwell*, 931 F.3d

18   978, 986 (9th Cir. 2019).  "Of course, 'district court decisions—unlike those

19   from the courts of appeals—do not necessarily settle constitutional standards or

20   prevent repeated claims of qualified immunity.'"  *Hamby,*821 F.3d at1095

21   (quoting *Camreta v. Greene*, 563 U.S. 692, 709 (2011)); *see, e.g.*, *A.B. v. County

22   of San Diego*, 2020 WL 5847551, at *22 (S.D. Cal. Oct. 1, 2020) ("Plaintiffs'

23   reliance on *Ostling v. City of Bainbridge Island*, 872 F. Supp. 2d 1117 (W.D.

24   Wash. 2012), and *K.J.P. v. Cty of San Diego*, 2019 WL 1586739, at *15 (S.D.

25   Cal. Apr. 12, 2019), is similarly misplaced.  The former is an out-of-circuit case

26

27   [4] For purposes of this motion only, defendants accept that Ninth Circuit decisions
    can constitute clearly established law. *See Kisela*, 138 S. Ct. at 1153 ("[E]ven if a
    controlling circuit precedent could constitute clearly established law in these

28   circumstances, it does not do so here.").

12

that cannot constitute clearly established law here, and the same is true for the latter, which is non-binding authority. In order for the law to be clearly established, 'the prior precedent must be 'controlling'— from the Ninth Circuit or Supreme Court— or otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction.' *Sharp v. County of Orange*, 871 F.3d 901, 911 (9th Cir. 2017). Nor do Plaintiffs argue that these cases are embraced by a consensus of courts, and thus, the cases could not have provided notice to the Deputy Defendants that their conduct was unlawful.").

The Supreme Court has never held that spouses have familial association rights under the Fourteenth Amendment. Nor has the Ninth Circuit. And the only other Circuit Courts to address the issue declined to find such a right. *See Niehus*, 973 F.2d 533–34; *Harbury,* 233 F.3d at 607. Although district court decisions cannot place a constitutional question beyond debate for purposes of qualified immunity, *Hamby,* 821 F.3d at 1095, the discussion in the last section shows the unsettled nature of the issue among district courts.

Indeed, one district court within the Ninth Circuit concluded the unsettled nature of the issue compels a finding of qualified immunity. *See Bach v. Idaho St. Bd. of Med.*, 2012 WL 175417, at *19 (D. Idaho Jan. 20, 2012) ("This analysis shows that courts have at least three different approaches to the issue, and the parties have not cited any binding precedent from the Ninth Circuit or the Supreme Court. Given this disarray in the law over the constitutional issue, there was no 'clearly established' constitutional right to the companionship of a spouse at the time Cindy Bach passed away. Accordingly, the defendants have qualified immunity and Bach's § 1983 claim must be dismissed."). This Court should as well, as the law is no clearer now than it was in 2012.

///

///

///

13

1
2

**B.  This Court Should Dismiss Plaintiffs' Third Claim For Relief Against The City Because It Is Not A Proper Section 1983 Claim Against The City**

3  The City cannot be vicariously liable under section 1983.  *Monell v. New*

4  *York City Dept. of Social Servs.*, 436 U.S. 658, 689–91 (1978); *see also Hansen*

5  *v. Black*, 885 F.2d 642, 645–46 (9th Cir.1989) (Under section 1983, "supervisory

6  officials are not liable ... on any theory of vicarious liability.").  The City can

7  only be liable under section 1983 if a City policy or custom caused the

8  constitutional violation suffered by plaintiff.  *Monell*, 436 U.S. at p. 694.

9  Accordingly, the City cannot be vicariously liable for any Fourteenth

10  Amendment violation.  And plaintiffs' third claim for relief is not a "*Monell*

11  claim."  It certainly contains none of the required Monell allegations.  *See Villa*

12  *v. County of San Diego*, 2020 WL 3100045, at *2–3 (S.D. Cal. June 11, 2020)

13  (discussing pleading requirements for a "*Monell* claim").  Indeed, the "*Monell*

14  *claim*" is brought through plaintiffs' fifth claim for relief.  *See* ECF Doc. No. 45,

15  pp. 20-22.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**IV.**

**CONCLUSION**

Qualified immunity requires this Court to dismiss plaintiffs' third claim for relief with prejudice because plaintiffs have no clearly established Fourteenth Amendment right to familial association with Earl, and it is not a proper claim against the City.


Dated: December 24, 2020                           Daley & Heft, LLP

                                        By:


                                        */s/ Lee H. Roistacher*
                                        Mitchell D. Dean
                                        Lee H. Roistacher
                                        Heather E. Paradis
                                        Attorneys for Defendants City of
                                        National City, Joseph B. Camacho,
                                        Giovanni A. Corado, Gabriel
                                        Gonzales, Robert A. Rude, Chad
                                        Ryuma Sakamoto, Mark D. Segal,
                                        Manuel Rodriguez and Dennis Leach
                                        E-mail:  mdean@daleyheft.com
                                                 hparadis@daleyheft.com

15

Case No.  3:19-cv-00534-AJB-AHG